**Motion Granted; Appeal Dismissed and Memorandum Opinion filed October 23, 2018.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-18-00613-CV

---

## MICHAEL MCCANN, Appellant

## V.

## SPENCER PLANTATION INVESTMENTS, LTD., Appellee

---

**On Appeal from the 239th District Court**
**Brazoria County, Texas**
**Trial Court Cause No. 96820-CV**

---

## M E M O R A N D U M   O P I N I O N

This is an attempted appeal from an order signed June 26, 2018, declaring appellant a vexatious litigant and requiring that appellant post a $50,000 security bond before proceeding with the litigation. Generally, appeals may be taken only from final judgments. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). When orders do not dispose of all pending parties and claims, the orders remain

interlocutory and unappealable until final judgment is rendered unless a statutory exception applies. *See CMH Homes v. Perez*, 340 S.W.3d 444, 447 (Tex. 2011).

Appellant filed a petition in the trial court alleging appellee did not have a right to purchase his property from the Internal Revenue Service. Appellee answered appellant's suit and filed a motion alleging appellant was a vexatious litigant pursuant to section 11.054(2) of the Texas Civil Practice and Remedies Code. On June 26, 2018, the trial court signed an order (1) finding appellant is a vexatious litigant pursuant to section 11.054(2); (2) ordering appellant to post a security bond in the amount of $50,000 within 30 days; and (3) staying all litigation until appellant posted the bond pursuant to section 11.055 of the Texas Civil Practice and Remedies Code. Appellant filed a notice of appeal challenging the trial court's order.

On October 5, 2018, appellee filed a motion to dismiss the appeal because the trial court's order is not a final, appealable order. Appellee argues that the trial court's order does not dispose of appellant's claims, but orders him to file security before he may pursue those claims. On October 8, 2018, appellant filed a response to appellee's motion in which he argues, among other things, that the trial court will dismiss his action because he cannot afford to pay a $50,000 bond. Appellant does not dispute appellee's assertion that the judgment is not final. A party may appeal a final order declaring the party a vexatious litigant and dismissing the suit for failure to provide the statutory security bond. *See Leonard v. Abbott*, 171 S.W.3d 451, 454 (Tex. App.—Austin 2005, pet. denied). The record before this court does not contain a final order dismissing appellant's action; therefore, the judgment is not final.

Appellee's motion is granted, and the appeal is ordered dismissed.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Boyce and Busby.